## Ryen v. Ryen

C.P. of Clearfield County, no. 1992-1102-C.D.

*John Ryan,* for plaintiff.
*James Naddeo,* for defendant.

AMMERMAN, *J.,* April 22, 2002—Plaintiff (husband) and defendant (wife) married on July 8, 1967 and separated on October 1, 1989. They were divorced on July 23, 1992. This matter comes before the court for the

purpose of interpreting a postnuptial agreement dated August 16, 1996. This agreement provides for the entry of two qualified domestic relations orders for pensions to which husband was entitled. The agreement reads in pertinent part as follows:

. "Excepting, however, that the NEBF and FEAP pensions accumulated through husband's membership in the IBEW shall be divided equally between husband and wife and paid to the parties in equal amounts upon husband's retirement in accordance with a qualified domestic relations order to be prepared and presented contemporaneously with this agreement, to the extent that amounts were accrued thereunder from July 7, 1967 (the date of marriage) until October 1, 1989 (date of final separation)."

Two qualified domestic relations orders were prepared and approved by the plan administrator. The court signed both QDROs on August 21, 1996. These QDROs were subsequently filed of record and forwarded to the plan administrator.

Husband apparently began his employment on July 7, 1967, and retired in 2001. His rate of pay at separation was $15 per hour and at retirement was $32 per hour. He had 23 years of service up to the separation date. Following the retirement, wife received a letter dated January 2, 2002, pertaining to the NEAP pension, a copy of which is attached to this opinion as exhibit "A." The letter states that wife is entitled to $413.46 per month which represents 50 percent of husband's contributions to the plan exclusive of investment earnings that accrued subsequent to separation. Wife also received a letter dated January 17, 2002, pertaining to the NEBF pension, a copy of which is attached to this opinion as exhibit "B." This

letter states that wife is entitled to one-half of the coverture value of husband's pension calculated by multiplying husband's years of service by \$32 and dividing that figure in half. The formula, therefore, is 23 x \$32 = \$736 ÷ 2 = \$368 per month.

Husband filed a motion for clarification of qualified domestic relations order and contends that the plan administrator improperly calculated wife's share of the NEBF pension. He maintains that her share of the pension should be based on his hourly rate of pay at the date of separation rather than the hourly rate of pay at the date of retirement. Under husband's formula, wife's share of the pension would be calculated at \$15 per service credit rather than the \$32 used by the plan administrator. Consequently, husband's formula would be 23 x \$15 = \$345 ÷ 2 = \$172.50 per month.

Hearing on husband's motion was scheduled on March 19, 2002. At that time the parties appeared and were represented by counsel. No formal testimony was presented, as the attorneys agreed that their oral representations, the parties' marriage postnuptial agreement and QDROs would constitute the record. Briefs have been timely received and the court must resolve the issue.

Husband argues that wife would be unfairly rewarded by receiving the benefit of his wage increases subsequent to the parties' separation. In support of this position, husband relies on the decision of the Pennsylvania Supreme Court in *Berrington v. Berrington,* 534 Pa. 393, 633 A.2d 589 (1993). Husband's position is correct, as the Supreme Court's decision in *Berrington* is on all fours with the case at bar. In *Berrington,* the issue before the

Supreme Court was whether the non-employee spouse's share in a deferred distribution of a pension should be based upon the salary which the employee-spouse earned at the date of separation or upon the amount earned at some post-separation retirement date. In *Berrington,* the husband was the employee who continued to work at Westinghouse following the parties' separation. A dispute arose over how the pension would be distributed. The trial court agreed with the wife's proposed order which calculated the amount of the pension benefit as of husband's date of retirement. The Supreme Court noted that the "evil which the trial court was trying to avoid . . . was awarding wife a marital share of the pension which she would not receive for years . . . and which would be dramatically diminished in value when she received it because of the time interval between being awarded a share of the pension and actually being paid that share." *Berrington* at 400, 633 A.2d at 592. (footnote omitted) In other words, the trial court stated that wife would "be paid in the year 1994 with 1984 dollars even though [husband's] salary and thus his pension have been adjusted for inflation." *Berrington* at 398, 633 A.2d at 592.

The Supreme Court stated that the issues before it were as follows:

"(1) Whether the trial court's method of calculating wife's share of husband's pension requires husband to pay, in part, with nonmarital property acquired after separation; and

"(2) Whether wife is unfairly penalized if her marital share of husband's pension is calculated by utilizing husband's salary as of the date of marital separation, even

though she will not collect her share for years after the separation."

The Supreme Court ruled in favor of husband, and held that in a deferred distribution of a defined benefit pension, the spouse not participating may not be awarded any portion of the participant spouse's retirement benefits which are based on post-separation salary increases, incentive awards or years of service. Any retirement benefits awarded to the non-participant spouse must be based only on the participant-spouse's salary at the date of separation. Since the dispute before this court is specifically related to Mr. Ryen's pay increase, *Berrington* controls and the formula proposed by Mr. Ryen utilizing the amount related to his years of service and rate of pay at time of separation is correct. Therefore, Mr. Ryen's formula of $23 \times \$15 = \$345 \div 2 = \$172.50$ per month accurately sets forth the amount that Ms. Ryan is entitled to receive from the NEBF pension. On this basis the motion for clarification of qualified domestic relations order will be granted. No adjustment will be ordered relative the NEAP pension, as there is no evidence before the court that the plan administrator is utilizing excess service years or Mr. Ryen's wage rate at the time of retirement in making the calculations.

This court notes that it does not agree with the opinion of the Supreme Court in *Berrington* and believes that an injustice is being committed upon Ms. Ryan through her being forced to accept such a small portion of the pension benefit notwithstanding the parties' many years of marriage. Ms. Ryen is entitled to a fair appreciation on the pension benefit as opposed to being paid in 2002, and for years thereafter, with 1989 dollars not adjusted

for inflation. However, the Supreme Court's decision is clear and this court is required to follow it.

## ORDER

Now, April 22, 2002, it is the order of this court that the plaintiff's motion for clarification of qualified domestic relations order be granted. The defendant's National Electrical Benefit Fund pension benefits shall be calculated by the plan administrator utilizing a wage rate of $15 per hour, not $32 per hour.

---

## EXHIBIT "A"

---

January 2, 2002

Ms. Sandra M. Ryen
RD #2, Box 308
Morrisdale, Pennsylvania 16858

Dear Ms. Ryen:

This is in reference to your former spouse's NEAP pension benefits.

Based on the qualified domestic relations order formula, you are entitled to 50 percent of the benefits accrued from 1984 through October 1, 1989, effective when Mr. Ryen goes into payment status.

Effective January 2002 your portion of the account is $413.46. The order did not specify that you are entitled

to investment earnings, therefore, you are entitled to 50 percent of the contributions only.

Please complete the enclosed alternate payee pension application and return it to our office at your earliest convenience.

Sincerely,
/s/Anthony J. Salamone
Executive Secretary-Treasurer

bk
cc: William L. Ryen

---

EXHIBIT "B"

---

January 17, 2002
Ms. Sandra M. Ryen
RD 2, Box 308
Morrisdale, PA 16858

REF: B00000

Dear Ms. Ryen:

This is in reference to your former spouse's NEBF pension benefits.

Based on the qualified domestic relations order formula, you are entitled to 50 percent of the benefits accrued from July 7, 1967 through October 1, 1989, effective when Mr. Ryen goes into payment status. Your benefit will terminate upon the date of death of Mr. Ryen or your date of death, whichever occurs earlier.

Be advised that Mr. Ryen accumulated 23 years of service credits during your marriage (July 1967 through October 1989) calculated as follows: 23 yrs at $32 = $736 x 50 percent = $368. Your benefit will be effective July 2001 in the amount of $368 per month. You will be due a retroactive payment in the amount of $2576 for July 2001 through January 2002.

Please complete the enclosed NEBF application where highlighted and return the entire application to our office.

In this letter you will find a federal income tax withholding form. If you do not wish us to withhold your federal taxes, please disregard this form.

There's just one more thing you should remember: if you move please inform our office immediately in writing of your new address. Finally whenever you write to us, please remember to include your full name and social security number.